353 N. CLARK STREET, CHICAGO, IL 60654-3456

**JENNER&BLOCK** LLP

September 12, 2023

Andrianna D. Kastanek
Tel +1 312 840 7285
AKastanek@jenner.com

**Via ECF Filing**

Catherine O'Hagan Wolfe
U.S. Court of Appeals for the Second Circuit
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

Re: *Schansman et. al. v. Sberbank of Russia et al.*, No. 22-3097 (2022)
Fed. R. App. P. 28(j) Supplemental Authority Letter

Dear Ms. O'Hagan Wolf:

Pursuant to Federal Rule of Appellate Procedure 28(j), I write on behalf of Plaintiffs-Appellees regarding *Bartlett et al. v. Baasiri et al.*, No. 21-2019, -- F.4th --, 2023 WL 5437815 (2d Cir. Aug. 24, 2023), and in response to Defendant-Appellant's letter regarding that opinion.

In the context of a bank liquidated and acquired by Lebanon's central bank, the panel in *Bartlett* held that immunity under the Foreign Sovereign Immunities Act ("FSIA") *may* attach when a defendant becomes an instrumentality of a foreign sovereign after a suit is filed. While the court noted a "real concern[]" that "allowing post-filing changes in sovereign status will encourage gamesmanship," it found the concern absent under the facts of *Bartlett*, where the bank's designation as a terrorist organization forced it into public receivership, "not any attempt by Lebanon to avoid this lawsuit." *Id*. at *6.

Plaintiffs-Appellees recognize that *Bartlett,* subject to a grant of *certiorari*, is inconsistent with the argument that instrumentality status must be determined at the time of filing. This Court should nonetheless affirm. Even if Sberbank of Russia is an instrumentality of the Russian Federation, Sberbank's challenged conduct is "classic commercial behavior for an international bank [that] does not qualify as sovereign conduct." ECF 486 at 11. Therefore, the FSIA's commercial-activity exception applies. 28 U.S.C. § 1605(a)(2).

Further, the record here reflects the gamesmanship the *Bartlett* panel noted was absent but might arise under different facts. In *Bartlett*, instrumentality status was the product of U.S. sanctions causing liquidation of the bank, rather than manipulative conduct by the foreign state itself. Here, by contrast, assuming Sberbank is an instrumentality, that status is the product of Russia manufacturing a change in ownership while Sberbank's motion to dismiss was pending. The Ministry of Finance took direct ownership of 50% plus one of Sberbank's shares mid-litigation—precisely the amount needed to make it a FSIA instrumentality and engineer a

September 12, 2023
Page 2

sovereign immunity defense. This Court should hold that *Bartlett* does not extend to such strategic acquisitions. In the alternative, the Court should remand for further factual development as to gamesmanship.

Sincerely,

*/s/ Andrianna D. Kastanek*
Andrianna D. Kastanek

cc: all ECF recipients